# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHNNIE L. ODUM, )
          )
    Plaintiff, )
          )
v. )   Case No. CV407-181
          )
BRYAN COUNTY JUDICIAL )
CIRCUIT, )
          )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Coastal State Prison, has submitted a complaint under 42 U.S.C. § 1983. (Doc. 1.) Plaintiff was granted permission to proceed *in forma pauperis* in an Order dated December 17, 2007. (Doc. 3.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed at least three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek relief from an immune defendant. See Odum v. Ogeechee Public Defender's Office, et. al., 6:06-CV-045-WTM-GRS, docs. 9, 11 (S.D. Ga. June 5, 2006) (dismissed for failure to state a claim); Odum v. Bulloch County Public Defender's Office, et. al., 6:06-CV-054-WTM-JEG, docs. 7, 9 (S.D. Ga. August 8, 2006) (dismissed for failure to state a claim); Odum v. City of Pembroke,

2

Bryan County Police Dep't, et. al., 4:06-CV-079-BAE-GRS, docs. 10, 15 (S.D. Ga. June 5, 2006) (dismissed under § 1915A).[1] These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, the Eleventh Circuit requires "specific allegations of present imminent danger that may result in serious physical harm." Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the § 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496,

---

[1] Plaintiff's complaint was dismissed for numerous reasons, including failing to state a claim and seeking relief from immune defendants. See CV406-079, doc. 10.

2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).  Although plaintiff states that he believes he is in imminent danger because he is "a witness against Bryan County," he fails to allege any facts which would substantiate his belief.  (Doc. 1 at 6.)  Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

Accordingly, the Court **VACATES** its December 17, 2007 Order.  Plaintiff's request to proceed *in forma pauperis* should be **DENIED**, and this case should be **DISMISSED** without prejudice.  Plaintiff's motion to amend his complaint should be **DENIED** as moot.  (Doc. 6.)  If plaintiff wishes to proceed with this action, he should submit his complaint along with the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 5Th day of March, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA